# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: November 6, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| KALEIGH WATTS, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 21-2223V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Laura Levenberg, Muller Brazil PA, Dresher, PA, for Petitioner.
Zoe Wade, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On November 29, 2021, Kaleigh Watts ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that she suffered a Table injury of Guillain-Barré Syndrome ("GBS") or in the alternative an off-Table injury of GBS as a result of an influenza ("flu") vaccine she received on January 21, 2019. Petition at Preamble (ECF No. 1); Amended ("Am.") Petition at Preamble (ECF No. 33). On August 27, 2024, the undersigned issued a decision based on stipulation. Decision Based on Stipulation dated Aug. 27, 2024 (ECF No. 59).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On September 27, 2024, Petitioner filed an application for attorneys' fees and costs. Petitioner's Application for Award of Final Attorneys' Fees and Costs ("Pet. App."), filed Sept. 27, 2024 (ECF No. 64). Petitioner requests compensation in the amount of $29,854.44, representing $28,134.80 in attorneys' fees and $1,719.64 in costs. Id. at 2. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of her claim for compensation. Id. Respondent filed his response on October 29, 2024, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot., filed Oct. 29, 2024, at 2 (ECF No. 65). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Laura Levenberg, $275.00 per hour for work performed in 2021, $350.00 per hour for work performed in 2022, $375.00 per hour for work performed in 2023, and $400.00 per hour for work performed in 2024; and for Mr. Max Muller, $375.00 per hour for work performed in 2021. Petitioner also requests rates between $125.00 and $177.00 per hour for work of their counsel's paralegals performed between 2020 and 2024. The undersigned finds these rates consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be largely reasonable. However, the undersigned finds a small reduction of $381.40 necessary due to billing entries for filing documents.[3]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS IN PART** Petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $29,473.04, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Ms. Laura Levenberg.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

---

[3] Mr. Erik Pavlacsek and Ms. Tereza Pavlacsek billed for e-filing documents 22 times, for a total of $381.40. See Pet. App. at 9-19. It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). This results in a reduction of $381.40.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**/s/ Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master